IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVOND HILL, : | CIVIL ACTION |
| Petitioner, : | |
| : | |
| v. : | Nos. 12-4918 & 12-5194 |
| : | |
| JON D. FISHER, et al., : | |
| Respondents. : | |
| : | |

# ORDER

**AND NOW**, this 16th day of June, 2015, upon careful consideration of the petitions for writ of habeas corpus, the Report and Recommendation of United States Magistrate Judge Richard A. Lloret (Dkt. No. 12-4918, Doc. No. 28; Dkt. No. 12-5194, Doc. No. 33), the Objections filed by Petitioner (Dkt. No. 12-4918, Doc. No. 30; Dkt. No. 12-5194, Doc. No. 35), Petitioner's "Motion for Appointment of Counsel" (Dkt. No. 12-4918, Doc. No. 29; Dkt. No. 12-5194, Doc. No. 34); and after a thorough and independent review of the record, it is hereby **ORDERED** that:

1. Petitioner's "Motion for Appointment of Counsel" is **DENIED**;

2. Petitioner's objections are **OVERRULED**[1];

---

[1] Petitioner has filed two petitions for writ of habeas corpus. The first petition concerns his February 10, 2005 conviction for robbery and possession of an instrument of a crime. Dkt. No. 12-4918. The second petition relates to his February 4, 2005 conviction for robbery, possession of an instrument of a crime, and burglary. Dkt. No. 12-5194. Magistrate Judge Lloret addressed both of these petitions in his Report and Recommendation.

Petitioner has filed two objections to the Report and Recommendation, which apply to both habeas petitions. Petitioner argues that (1) Judge Lloret erred in concluding that the Supreme Court's holding in Martinez v. Ryan, 132 S.Ct. 1309 (2012), rendered some of his claims procedurally defaulted; and (2) Judge Lloret "misinterpreted" the claims set forth in the petitions.

Both of Petitioner's objections are without merit. With respect to the first objection, Petitioner challenges Judge Lloret's characterization of the holding in Martinez as providing only a narrow

3. The Report and Recommendation is **APPROVED** and **ADOPTED**;

4. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing; and

5. There is no probable cause to issue a certificate of appealability.

**BY THE COURT:**

/s/ Mitchell S. Goldberg
_____
**MITCHELL S. GOLDBERG, J.**

---

exception to the exhaustion requirement. To the contrary, Judge Lloret correctly identified the one and only circumstance in which a prisoner who is represented by counsel during post-conviction proceedings may establish cause for a default of an ineffective assistance of trial counsel claim under Martinez. See R& R at 12 ("Pursuant to Martinez, 'a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if in the initial-review collateral proceeding, . . . counsel . . . was ineffective'") (quoting Martinez, 132 S.Ct. at 1318)). Moreover, Judge Lloret addressed all of the underlying allegations of trial counsel's ineffectiveness on the merits, and accurately concluded that no relief is available under Martinez where these underlying allegations are without merit. Compare R & R at 14, 16, 18, 19, 22, 24, 25 (finding that Martinez does not provide an avenue for relief where trial counsel's performance was effective within the meaning of Strickland) with Martinez 132 S.Ct. at 1320 ("A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted.").

In his second objection, Petitioner contends that Judge Lloret "misinterpreted" his claims. Petitioner then reproduces verbatim the claims as he presented them in the habeas petitions and as they were summarized in the Report and Recommendation, with the implication being that Judge Lloret's rewording of the claims amounts to a misinterpretation. Having compared the habeas petitions with the Report and Recommendation, it is clear that Judge Lloret fairly characterized and considered the claims and arguments which Petitioner presented.